UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE FRANCISCO CORTEZ-RODRIGUEZ,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Respondents. | Case No. 2:13-cv-02094-JAD-PAL<br><br>**ORDER** |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is represented by retained counsel. Before the court is respondents' motion to dismiss the petition. (Doc. 6). The court finds that it lacks subject-matter jurisdiction under the habeas statute because petitioner was no longer in custody at the time the petition was filed and, regardless, the petition is fatally untimely. Accordingly, the court grants the motion to dismiss and denies petitioner a certificate of appealability.

I.  **Procedural History**

On February 5, 1997, petitioner entered a guilty plea to two counts of the sale of a controlled substance. (Exhibits 8, 9).[1] The state district court sentenced petitioner to two consecutive sentences of 12-36 months and suspended the sentences by placing petitioner on probation for a term not to exceed three years. (Exhibits 10, 11). The judgment of conviction was filed April 24, 1997. (Exhibit 11). Petitioner did not appeal his conviction or sentence. On October 12, 1999, the state district court entered an order honorably discharging petitioner from probation. (Exhibit 13).

On May 24, 2005, petitioner filed a motion to withdraw his guilty plea. (Exhibit 16). On June 15, 2005, the state district court denied petitioner's motion. (Exhibit 17).

On August 8, 2011, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 19). The state district court granted the petition, finding that petitioner entered his

---

[1] The exhibits referenced in this order are found in the court's record at Docs. 7-9.

plea as a result of ineffective assistance of counsel, and concluded that NRS 176.165 permitted petitioner to withdraw his guilty plea. (Exhibit 31). By order filed November 15, 2012, the Nevada Supreme Court found that petitioner did not have standing to pursue a post-conviction habeas petition because he had completed his sentence and reversed the state district court's decision. (Exhibit 48). Additionally, the Nevada Supreme Court found that, to the extent the petition could be construed as a motion to withdraw his guilty plea, it was barred by the equitable doctrine of latches. (*Id.*).

Petitioner, proceeding with retained counsel, filed the instant petition for federal habeas corpus relief in this court on November 13, 2013. (Doc. 1). This court directed respondents to file a response to the petition. (Doc. 2). On July 17, 2014, respondents filed a motion to dismiss the petition. (Doc. 6). Petitioner's response to the motion to dismiss was filed on August 29, 2014. (Doc. 10). Respondents' reply to the opposition was filed on November 7, 2014. (Doc. 12).

**II.    Discussion**

    **A.    Lack of Subject-matter Jurisdiction**

Subject-matter jurisdiction for federal habeas corpus actions is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). The in-custody requirement of § 2254 encompasses more than just physical confinement in prison. *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). It includes individuals on parole or probation. *Jones*, 371 U.S. at 240-43 (parole satisfies the in-custody requirement); *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (probation satisfies the in-custody requirement). However, a petitioner whose sentence has fully expired is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

This court lacks subject-matter jurisdiction over this petition because it was initiated after Cortez-Rodriguez's sentence had fully expired. He was discharged from probation on October 12, 1999. (Exhibit 13). Petitioner was not "in custody" with respect to his state-court conviction when he initiated this action, preventing this court from acquiring subject-matter jurisdiction over this action.

In his opposition to the motion to dismiss, petitioner acknowledges that he was not in physical custody when he filed the petition, and he argues that his liberty is constrained because the 1997 conviction led to his 2011 order of deportation. (Doc. 10, at pp. 3-6). While collateral consequences of a criminal conviction may permit a court to continue exercising jurisdiction over a petition if the petitioner is released from custody after the petition is filed, collateral consequences alone are insufficient to satisfy the in-custody requirement in a federal habeas corpus proceeding. *Maleng v. Cook*, 490 U.S. at 492. The Ninth Circuit has held that immigration consequences of a state-court conviction constitute collateral consequences and do not satisfy the in-custody requirement for purposes of determining whether subject-matter jurisdiction is lacking. *Resendiz v. Kovensky*, 416 F.3d 952, 956-58 (9th Cir. 2005), *abrogated on other grounds by Chaidez v. United States*, 133 S.Ct. 1103 (2013). The Ninth Circuit reasoned that immigration consequences "arise from the action of an independent agency – indeed, in the case of a state conviction, an independent sovereign – and are consequences over which the state trial judge has no control whatsoever." *Resendiz*, 416 F.3d at 957.

Petitioner relies on *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), for the proposition that his immigration consequences are sufficient to satisfy the in-custody requirement for federal habeas petitions. (Doc. 10, at pp. 3-6). In *Padilla*, the United States Supreme Court held that defense counsel performed deficiently by failing to advise the defendant that his guilty plea made him subject to automatic deportation. *Padilla*, 130 S.Ct. at 1481-82. In so holding, the Supreme Court expressed some reluctance to classify the possibility of deportation as a collateral, as opposed to a direct, consequence of a criminal conviction. *Id.* at 1482. The Supreme Court, however, did not resolve this question because it had "never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under *Strickland v. Washington*, 466 U.S. 668, 689 (1984)." *Padilla*, 130 S.Ct. at 1481. Because the United States Supreme Court has not determined whether immigration consequences are direct or collateral consequences of a conviction, this court must follow existing Ninth Circuit law, which holds that immigration consequences are merely collateral consequences that do not alone satisfy the in-custody requirement of 28 U.S.C. § 2254. *Resendiz*, 416 F.3d at 957. Accordingly, this court

lacks jurisdiction to entertain this federal habeas petition because Cortez-Rodriguez was no longer "in custody" when he filed it.

### B.     The Petition is Untimely

Respondents also argue that Cortez-Rodriguez's federal habeas action was untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of

a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition rejected by the state court as untimely under the statute of limitations is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has thirty days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If he does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires—30 days after the entry of the judgment of conviction. 28 U.S.C. § 2244(d)(1)(A); NRAP 4; *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898; *see also Gonzalez v. Thaler*, 132 S.Ct. 641, 647 (2012).

Cortez-Rodriguez's judgment of conviction was filed on April 24, 1997, Exhibit 11, and he did not pursue a direct appeal of his judgment of conviction. Thus, petitioner's conviction became final—and the one-year AEDPA statute of limitations ran—on May 24, 1998. When petitioner filed his petition through retained counsel more than 15 years later on November 13, 2013, the AEDPA statute of limitations had long since expired.

Petitioner argues that the right asserted in his petition (ineffective assistance of counsel based on counsel's failure to inform him of the immigration consequences of a guilty plea) did not become available until March 31, 2010, when the United States Supreme Court decided *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). (Doc. 10, at p. 7). Petitioner appears to contend that the United States Supreme Court decision in *Padilla* delayed the accrual of the statute of limitations based on 28 U.S.C. § 2244(d)(1)(C), which provides that the limitations period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." That argument fails, however, because the United States Supreme Court held in *Chaidez v. United States* that *Padilla* does not apply retroactively. *See Chaidez v. United States*, 133 S.Ct. 1103, 1113 (2013).

Petitioner also argues that the state district court's order initially granting his state habeas

petition reset the finality of his judgment of conviction. (Doc. 10, at pp. 7-8). But this argument fails because the Nevada Supreme Court reversed the state district court's ruling, *see* Exhibit 48, nullifying the state district court's order. *See Las Vegas Novelty, Inc. v. Fernandez*, 787 P.2d 772, 776-77 (Nev. 1990) (acknowledging that reversal of an order of a state district court nullifies the actions of the district court reversed by the Nevada Supreme Court). Accordingly, this federal habeas petition is fatally untimely.

### III.     Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this court's dismissal of the petition debatable or wrong. The court therefore denies petitioner a certificate of appealability.

### IV.     Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **(Doc. 6) is GRANTED.**

IT IS FURTHER ORDERED that the petition is **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction and as untimely.

IT IS FURTHER ORDERED that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

IT IS FURTHER ORDERED that **the Clerk of Court SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 24th day of March, 2015.

_____
Jennifer Dorsey
United States District Judge